# In the United States Court of Federal Claims

No. 20-972C
(Filed November 12, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
                                   *
AGC BISHOP, a Joint               *
Venture,                          *
                                   *
            Plaintiff,            *
                                   *
     v.                           *
                                   *
THE UNITED STATES,                *
                                   *
            Defendant.            *
                                   *
                                   *
                                   *
* * * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record during the November 9, 2020 status conference, the government's cross-motion for judgment on the administrative record, ECF No. 21, is **GRANTED**, and plaintiff's motions to supplement the administrative record and for judgment on the administrative record, ECF Nos. 19 & 20, are **DENIED**. In summary, plaintiff AGC Bishop, a joint venture between Access General Contracting, Inc. (AGC) and Bishop Inc., was found by the Small Business Administration (SBA) not to be eligible for a U.S. Navy roofing contract. Admin. R. (AR) 491. Competition for the contract was limited to small businesses certified under section 8(a) of the Small Business Act, 15 U.S.C. § 637(a)(1), which have a bona fide place of business within the geographical boundaries serviced by the SBA's San Diego District office. AR 1, 486–87.

The SBA properly found that AGC, the 8(a) Business Development program participant, had not established a bona fide place of business prior to the date that plaintiff submitted its initial offer. Contrary to the arguments of plaintiff, although it employed a joint venture to bid on an apparently consolidated contract, 15 U.S.C. § 644(e)(4)(B)(ii) does not allow it to use Bishop's office to satisfy the geographic limitation---because this requirement must be met by the 8(a) participant, not the joint venture, *see* 13 C.F.R. §§ 124.3, 124.507(c)(2), and because a geographic

preference does not involve any "capabilities" of an offeror. And with the definition of "bona fide place of business" requiring a regularly-maintained office with at least one full-time employee, and not counting "construction trailers or other temporary construction sites," 13 C.F.R. § 124.3, plaintiff is incorrect in arguing that the effective date of the AGC district office may be backdated to some earlier time when that firm conducted other business within the geographic limits. For this reason, its motion to supplement the administrative record with a contract awarded to AGC in September 2016 is **DENIED**, as consideration of such work is not necessary for effective judicial review of the protested decision. *Cf. Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379–81 (Fed. Cir. 2009) (permitting supplementation only when necessary to avoid frustrating effective judicial review).†

Under the applicable regulation, AGC needed to establish that it had "a bona fide place of business within [the specific geographic] area prior to submitting its offer for the procurement," 13 C.F.R. § 124.507(c)(2)(iv), and this was to be determined "as of the date the Participant submitted its initial offer which includes price," 13 C.F.R. § 124.507(b)(5). Plaintiff's initial offer with a price was submitted on July 16, 2019, *see* AR 207–337, but it had yet to maintain its office within the relevant geographic area---having only submitted a lease application that same day, AR 742–44. Thus, it was not arbitrary for the SBA to determine that the geographic requirement was not met. For these reasons, and as more fully explained during the November 9, 2020 status conference, the government's cross-motion for judgment on the administrative record is **GRANTED** and plaintiff's motion for judgment on the administrative record is **DENIED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge

---

† The government's motion to strike plaintiff's references to the AGC contract, *see* ECF No. 22 at 5, is **DENIED** as unnecessary and unwarranted, as the Court may simply ignore the references to extra-record material.